# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNVAN,

Plaintiff,

v.

MACOMBER, *et al.*,

Defendants.

Case No. 1:25-cv-01654-KES-BAM (PC)

ORDER DISREGARDING OBJECTIONS (ECF No. 20)

ORDER DENYING MOTION TO APPOINT COUNSEL

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (ECF No. 19)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Patrick A. Cannavan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. The action was transferred to this Court on November 26, 2025. (ECF No. 5.) On August 28, 2026, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 18.) Plaintiff filed a first amended complaint, along with objections to findings and recommendations issued in Case Nos. 1:26-cv-06995-EGC (PC) and 1:26-cv-06992-EPG (PC). (ECF Nos. 19, 20.) As Plaintiff's objections are unrelated to the instant action, they are HEREBY DISREGARDED. Plaintiff's first amended complaint is now before the Court for screening.

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility. Plaintiff names the following defendants: (1) Gavin Newsom, Governor of California; (2) Raul Morales, Warden; (3) Jeff Macomber, CDCR Secretary; (4) D. Knutson, Correctional Officer; (5) J. Castro, Correctional Officer; and (6) unspecified DOES.

In Claim 1 of the form complaint, Plaintiff asserts a violation of the following civil rights: "freedom from cruel and unusual punishment, physical injury, eye injury, emotional, mental, retaliation, protected conduct abuse, 1st, 4th, 8th, 9th, 14th, 13th hospitalized, permanent eye injury, const. abuse." (ECF No. 19 at 3.) Plaintiff also asserts "Protected Class-Group Class retaliation" and "contempt of all court orders to stop such acts." (*Id.*)

///

As supporting facts for Claim 1, Plaintiff alleges:

> [O]n Feb 9, 2023 @ 15:15 +/- (see historical records) Respondents [collectively] failed to protect Plaintiff, violating: Cal Pen Codes, Vehicle Codes, Public Safety. While trans-porting Plaintiff, driving wrecklessly [sic] caused GBI/TBI/Physical injuries then in collusion (Rico) attempted to conseal [sic] injuries, failing to report to medical, or local authorities where injuries occurred. All Respondent . . . acted to prevent the 1st Amend. rights to report civil rights violations to a.) the Courts; b) state and local authorities, actively retaliated by threats, [harassment], confiscations of property, ability to earn [future] income by interfering/denying a public entities programs, services, and access to facilities, terminated phone services, denied all ability to report adverse actions, segregated, [restricted], assaulted, severed ability to access counsel, investigators, Office of the Inspector General (OIG), DOJ, Local Courts, failed to act & to protect VIA "ministerial" duties owed, every Court order – acted in contempt by supterfuge [sic] and usurping ethics, duty, responsibilities owed by their [sworn] oath to "We The People," CDCR has willfully established a "Pattern of Abuse" as stated by Lucas Hennes of the A.G. of California.

(ECF No. 19 at 3-4.)

In Claim 2 of the form complaint, Plaintiff asserts a violation of the following civil rights: "Clear and demonstrable retaliations(s) for the free exercise of all (established) constitutional protections, protected conduct is the motivation to Respondents Adverse Actions, and But-for-caused a plethora of injuries to/against Plaintiff." (ECF No. 19 at 4.) As supporting facts for Claim 2, Plaintiff alleges:

> The moving force is established by 35-40 yrs out of compliance to Court orders were such ommissions [sic] (wanton) set in motion a series of acts that lead to this act. The matter has become so complex Plaintiff requests Fed. R. Civil 20, to joinder, this shall demonstrate a prima facia Title II "Hate Crime" against a "Group Class" and "Protected Class", allowing the Court to [illegible] its ability, in the normal course of doing the "Peoples business," to establish clear-preponderanc[e] of evidence – Best-Evidence in this case, the Court will be able to "Sua Sponte" on its full authority. The Adverse Actions have become severely [dangerous] and imment [sic] danger exists, as Plaintiff has been hospitalized several times directly to wanton indifference, the nature of retaliations promulgated on and against Plaintiff, Correctional Staff [manipulating] e-filings by (what is believed) repetedly [sic] re-filing the "one" 2026 1983 to cause "Duplicative" appearance, not actuall [sic] filing the provided "New" 1983 complaints, demonstrating on-going ommissions [sic] to such protected conduct of Plaintiff, exposing the "Rico Acts" and retaliations, putting Plaintiff in segregation the vast portion of 2026 due to and but for Plaintiff's actions in the attempt to have meaningful access to the Courts, & report such wanton & retaliation, and elderly abuse all ommissions [sic] are/were under color of law.

(ECF No. 19 at 4-5.) Plaintiff also alleges that he is an individual with a disability and is otherwise qualified to participate in or receive all Title II benefits. (*Id.* at 5.)

Plaintiff seeks injunctive and declaratory relief, along with compensatory and punitive damages.

Plaintiff attaches various documents to his form complaint, a mixture of both typewritten and handwritten pages. As the Court previously informed Plaintiff, it is not the Court's responsibility to sift through the exhibits to attempt to decipher what specific claims Plaintiff may be attempting to make against defendants. *See Rojas v. County of Sacramento*, No. 2:22-cv-1105 KJM AC P, 2023 WL 4670433, at *2 n.2 (E.D. Cal. July 20, 2023). Analysis of Plaintiff's claims is based only on the allegations contained within the form complaint.

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is not a short and plain statement of his claims. Plaintiff's amended form complaint does not clearly state what happened and who was involved. Plaintiff's disjointed and conclusory allegations are not sufficient. Further, Plaintiff may not simply attach documents to his complaint in an effort to state a claim. As the Court previously explained, while "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Lam v. Cal. Dep't of Corr. & Rehab.*, No. 1:23-cv-01167-BAM (PC), 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and recommendation adopted, No. 1:23-cv-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024) (quoting *Samtani v. City of*

*Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

**B. Federal Rules of Civil Procedure 18 and 20**

Plaintiff alleges multiple claims against multiple defendants, and it is not clear that such claims are related. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's amended complaint appears to improperly allege unrelated claims against unrelated parties. For instance, Plaintiff cannot assert a claim regarding an incident during transportation on February 9, 2023, while simultaneously asserting a claim that correctional staff manipulated his court filings in 2026.

**C. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint fails to adequately link the named defendants to violations of his constitutional rights. Plaintiff fails to allege what each individual defendant did or did not do that caused a deprivation of Plaintiff's rights. Plaintiff's reference to "Respondents" or "correctional staff" is not sufficient and he may not simply lump all defendants together in his allegations.

**D. Supervisory Liability**

Insofar as Plaintiff is attempting to bring suit against Defendants Macomber and Morales or any other supervisory defendants based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other

grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff does not allege that any of the supervisory defendants participated in or directed the violations at issue. Plaintiff also does not allege that officials implemented a policy so deficient that the policy itself is repudiation of constitutional rights and is the moving force of any constitutional violation.

**E. First Amendment – Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a cognizable claim for retaliation in violation of the First Amendment. Plaintiff's conclusory allegations in both Claim 1 and Claim 2 are insufficient to state a cognizable claim. Plaintiff does not clearly allege the protected conduct he engaged in or what adverse action any particular defendant took against him because of that protected conduct. Plaintiff's conclusory and expansive allegations are not sufficient. As discussed above, Plaintiff's allegations do not comply with Federal Rule of Civil Procedure 8, and Plaintiff does not adequately allege what each named defendant did or did not do that resulted in a violation of his

rights.

**F. Eighth Amendment - Deliberate Indifference to Safety**

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment. *See Estell v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer*, 511 U.S. at 834. Negligence, or even gross negligence, does not violate the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

Plaintiff fails to state a claim for deliberate indifference to safety. Plaintiff references reckless operation of a state transport vehicle, but Plaintiff's conclusory and disjointed allegations are not sufficient to state a claim for relief that is plausible on its face. Plaintiff does not identify the transport officers or otherwise link any named defendants to the allegations. Plaintiff also does not clearly and concisely allege what happened and who was involved.

**G. Ninth Amendment**

Plaintiff alleges violations of the Ninth Amendment. The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citation omitted). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] ... the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Id.* "Causes of action based on the Ninth Amendment fail to state a legal claim." *Williams v. Fresno Cty. Dep't of Soc. Servs.*, No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021) (citing *Ralls v. Facebook*, 221 F.Supp.3d 1237, 1245 (W.D. Wash. 2016)). Plaintiff may not pursue a claim pursuant to the Ninth Amendment.

**H. Thirteenth Amendment**

The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the

United states, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. "The Thirteenth Amendment does not protect prisoners who have been duly tried, convicted and sentenced for the commission of a crime." *Phillips v. Angie*, No. 5:23-CV-01326-VBF (MAA), 2024 WL 649232, at *2 (C.D. Cal. Jan. 25, 2024) (citing *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963)). Plaintiff may not pursue a claim pursuant to the Thirteenth Amendment.

**I. Fourteenth Amendment - Deprivation of Property**

Although unclear, Plaintiff may be attempting to challenge the wrongful confiscation of his property.[1] Prisoners have a protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Insofar as Plaintiff complains of an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Id.* Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

**J. Americans with Disabilities Act**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the

---

[1] Although Plaintiff also asserts a violation of the Fourth Amendment, his claims regarding confiscation of property arise under the Fourteenth Amendment.

removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *Simmons v. Navajo County, Ariz,* 609 F.3d 1011, 1021 (9th Cir. 2010); *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

To the extent Plaintiff intends to sue the individual named defendant for violation of his rights under the ADA, he may not "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). The proper defendant in ADA actions is the public entity responsible for the alleged discrimination. *U.S. v. Georgia*, 546 U.S. 151, 153-54 (2006). State correctional facilities are "public entities" within the meaning of the ADA. *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

Plaintiff has not adequately alleged the elements to state a claim under Title II. Plaintiff's amended complaint is devoid of any facts establishing that he is a qualified individual with disability. Even if he adequately alleged such a disability, the amended complaint lacks facts demonstrating that he is otherwise qualified to participate in or receive a specific benefit of

CDCR or the institution's services, programs, or activities or indicate what specific programs or services he was denied due to his disability. Vague and conclusory allegations are not sufficient.

**IV. Motion to Appoint Counsel**

Plaintiff includes a request for appointment of counsel in the amended complaint to provide the constitutional protections owed to him. (ECF No. 19 at 1, 5.)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with § 1983 cases filed almost daily by prisoners proceeding without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Additionally, because Plaintiff fails to state a claim, the Court cannot find that Plaintiff's claims are likely to succeed on the merits in this action. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Accordingly, Plaintiff's request for appointment of counsel is HEREBY DENIED.

**V. Conclusion and Recommendation**

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18

and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE